# EXHIBIT B
# Circuit Court Filed Complaint

ELECTRONICALLY FILED
2014 May 20 PM 3:58
CLERK OF COURT - CIRCUIT

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT
AT MEMPHIS

| | |
|---|---|
| GREGORY JEFFREYS ) | |
| Plaintiff(s), ) | |
| vs ) | No._____ DIV.____ |
| NATIONWIDE GENERAL INSURANCE COMPANY, ) | JURY DEMANDED |
| Defendant(s). ) | |

## COMPLAINT

Comes now the Plaintiff, Gregory Jeffreys (hereinafter "Mr. Jeffreys" or "Plaintiff"), and for cause of action would show the following:

### INTRODUCTION

1. This action alleges, violation of the T.C.A. § 56-7-105(a), bad faith failure to pay and T.C.A. §47-18-104, violation of the Tennessee Consumer Protection Act, negligence, negligent interference with contract, breach of contract, breach of express warranty, breach of implied warranty.

### PARTIES

2. Plaintiff, Gregory Jeffreys, is and at all times pertinent herein, has been, a resident citizen of Memphis, Shelby County, Tennessee.

3. Defendant Nationwide General Insurance Company provides homeowners insurance coverage to citizens and conducts business in Memphis, Shelby County, Tennessee.

4. The facts and occurrences hereinafter set forth took place in Shelby County, Tennessee.

## FACTS

### ALLEGATIONS AGAINST NATIOWIDE INSURANCE COMPANY

5. Plaintiff alleges that the property located at 1645 Gregory Drive, Memphis, Tennessee 38127 was purchased by Johnnie Mae Jeffreys on or about August 10, 1993.

6. That Johnnie Mae Jeffreys is the biological mother of Plaintiff, Gregory Jeffreys.

7. That Johnnie Mae Jeffreys purchased a homeowners insurance policy from Nationwide General insurance for the property located at 1645 Gregory Drive, Memphis, Tennessee.

8. That at all times pertinent, Plaintiff resided with his mother, Johnnie Mae Jeffreys at the home located at 1645 Gregory Drive, Memphis, Tennessee.

9. That upon information and belief, Nationwide General Insurance Company was aware that Plaintiff resided at the residence for which it offered insurance coverage.

10. That Johnnie Mae Jeffreys died on March 18, 2009, leaving several children as heirs.

11. That after Johnnie Mae Jeffreys death, Nationwide General Insurance, its agent or assigns requested that several of Johnnie Mae Jeffrey's children, including, Gregory Jeffreys and Pricilla Jeffreys Matthews come into the office and execute the documents necessary to maintain insurance on the property. (See Exhibit A).

12. That on May 27, 2010, all of the siblings quit claimed their interest in the property

located at 1645 Gregory Drive, Memphis, Tennessee to Plaintiff.

13. That at the time of the loss on May 12, 2012, Plaintiff was the sole owner of the property located at 1645 Gregory Drive, Memphis, Tennessee.

14. That on June 4, 2010, Candace Boykin requested that Plaintiff come to the office and execute several documents for the purpose of continuing insurance coverage with Nationwide Insurance Company.

15. That at the time Plaintiff was asked to execute the documents, Nationwide, its agents or assigns, knew or should have known that Plaintiff was unable to read or comprehend complex documents without assistance.

16. That Nationwide, its agents or assigns, knew or should have known that Plaintiff sole basis of income was a SSI check from the Social Security Administration for a severe learning disability.

17. That when Ms. Boykin submitted the documents for Plaintiff to execute, she merely pointed to the lines on which he should place his initials and asked him to sign.

18. That Plaintiff did not write that he had no prior felony convictions on any document.

19. That the wording that indicates "no" on the document regarding the question as to prior felony convictions is Candace Boykin's writing and not Plaintiffs.

20. That Plaintiff never indicated to anyone that he did not have any prior felony convictions.

21. That Plaintiff had applied and successfully received automobile insurance coverage from Defendant, Nationwide in 2007 and maintained it until 2011. (See Exhibit B).

22. Upon information and belief, Plaintiff supplied accurate information regarding his

prior conviction in the application for automobile insurance.

23. That Defendant, Nationwide had insured the property located at 1645 Gregory Drive, Memphis, Tennessee for years with the knowledge that Plaintiff lived there and that Plaintiff had a prior felony conviction.

24. That after the loss on May 12, 2014, Plaintiff properly filed his claim for the total loss of the home, personal property and other damages.

25. That Nationwide conducted an investigation, which included taking the deposition of Plaintiff.

26. That Plaintiff wholly and completely cooperated with Nationwide's investigation.

27. That on May 20, 2013, Defendant, Nationwide sent Mr. Jeffreys a letter advising him that the company was denying coverage for the May 12, 2012 loss based upon his failure to disclose his prior felony convictions and not disclosing business operations. (See Exhibit C).

28. That Plaintiff alleges that the document for which Nationwide relies to deny coverage does not constitute a material misrepresentation.

29. That Plaintiff did not initial the documents with the intent to deceive Nationwide.

30. That based on the facts and circumstances, the information regarding Plaintiff's prior felony conviction did not increase the risk of loss to Nationwide.

31. That Plaintiff alleges that the documents for which Nationwide relies were produced by its agents or assigns.

32. That Plaintiff alleges that Nationwide had actual and/or constructive knowledge of Plaintiff criminal history prior to issuing the policy.

4

33. That Plaintiff alleges that Nationwide did not have a good faith basis for denying the claim on May 20, 2013.
34. That after denying the claim, Nationwide failed to promptly pay the mortgage company the balance due on the mortgage, which has now placed the home in foreclosure.
35. That Plaintiff has had to live from house to house because Nationwide has failed to pay for the repair or rebuilding of the home.
36. That Plaintiff lost all of his personal belongings in the fire and still is without many basic necessities.
37. That as a result of Nationwide's refusal to pay Plaintiff's claim the City of Memphis has filed a legal action to declare Plaintiff's property a public nuisance and has subjected him to extensive costs.
38. That Plaintiff alleges that Nationwide denied Plaintiff's claim in bad faith and without any reasonable basis to contest the claim.
39. That in May 14, 2012, the aforementioned residence suffered severe fire damage, which completely destroyed the home and rendered the residence uninhabitable.

### *Violation of the Tennessee Consumer Protection Act*

Plaintiff hereby incorporates by reference all factual allegations previously alleged.

40. Plaintiff alleges that Nationwide's refusal to promptly submit payment to the mortgage company was intentional, reckless and or negligent.
41. Plaintiff alleges that Nationwide's failure to promptly pay the mortgage company has caused the home to be subject to foreclosure and subjected Plaintiff to severe

emotional stress, embarrassment and humiliation.

42. That Nationwide's denial of Plaintiff claim and failure to pay for the home repairs and pay for his personal property loss was malicious and caused Plaintiff to suffer severe emotional distress and humiliation.

43. That Nationwide's denial of Plaintiff claim and failure to pay for the home repairs and pay for his personal property loss has essentially rendered Plaintiff homeless and dependant on the assistance of others. Furthermore it has caused Plaintiff to suffer severe emotional distress and humiliation.

44. Plaintiff alleges that the conduct of Nationwide rises to the level of an unfair and deceptive act as contemplated under T.C.A. 47-18-104(5) (6) (7).

## RELIEF SOUGHT

**WHEREFORE,** Plaintiff prays for judgment against Defendants, as follows:

1. Compensatory damages in the amount of $500,000.
2. Punitive damages in the amount of $500,000.
3. Reasonable attorney's fees.
4. Such other and further relief as is consistent with law, fairness and equity and respectfully pray for a trial by jury on all issues of fact.

Respectfully Submitted,



Paul J. Springer (#021267)
Attorney for the Plaintiff
301 Washington, Suite 302
Memphis, TN 38103
(901) 528-8391 Phone
(901) 528-8393 Fax No.